## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOHANNES GERBER,**

      **Plaintiff,**

**v.**

**RANDALL BLAU and**
**BUCKFIRE AND BUCKFIRE, P.C.,**

      **Defendants.**

_____/

**Case No. 20-12118**

**Hon. Denise Page Hood[1]**

## ORDER MOOTING FIRST MOTION TO DISMISS,
## SETTING ASIDE THE ORDER TO SHOW CAUSE,
## AND DENYING DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 41(b) and 37(b)(2)(A)

## I.     FIRST MOTION TO DISMISS

This is a legal malpractice claim filed by Plaintiff Johannes Gerger against

Defendants Randall Blau and Buckfire and Buckfire, P.C.

On September 17, 2020, Defendants filed a Motion to Dismiss the Complaint

filed on August 6, 2020.  (ECF No. 7) On October 8, 2020, Plaintiff filed an Amended

Complaint (ECF No. 8) and a response to Defendants' Motion to Dismiss asserting

that the Amended Complaint "[w]hatever the merit of a Rule 12(b)(6) attack on the

_____

[1]On February 16, 2022, this action was randomly reassigned to District
Judge Denise Page Hood from the late Senior District Judge Arthur J. Tarnow's
docket.

Complaint, surely the First Amended Complaint is unassailable under that Rule." (ECF No. 9, PageID.208)  Defendants thereafter filed a Motion to Dismiss Plaintiff's First Amended Complaint on October 22, 2020.  (ECF No. 10) A response and reply have been filed as to the second Motion to Dismiss.  (ECF Nos. 14, 16)

"Generally, amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found*., 759 F.3d 601, 617 (6th Cir.2014). An amended pleading supersedes a former pleading if the amended pleading "is complete in itself and does not refer to or adopt a former pleading [.]" *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 131 (6th Cir.2014) (quoting 61B Am. Jur. 2d Pleading § 789).

Plaintiff, in its response to the first Motion to Dismiss the Complaint, expressly intended for the First Amended Complaint to supersede the Amended Complaint.  The First Amended Complaint is complete in itself and does not refer to nor adopt the former Complaint.  The first Motion to Dismiss filed by Defendants is rendered moot.

## II.    COURT'S ORDER TO SHOW CAUSE

On June 2, 2021, Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(A) claiming that Plaintiff abandoned his claims because he failed to file a response to Defendants' Second Motion to Compel and Defendants' Motion for HIPAA Disclosure Order and/or Qualified Protective Order, and failed to submit payment ordered by the Magistrate Judge's April 19, 2021 Order.

2

The late District Judge Arthur J. Tarnow issued an Order to Show Cause to Plaintiff Why the Case Should Not be Dismissed for Lack of Prosecution, setting an August 31, 2021 response date to the Order to Show Cause and Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(A).  On August 30, 2021, a response was filed to the Order to Show Cause  filed by new counsel on behalf of Plaintiff.

Plaintiff asserts that his claims should not be dismissed for lack of prosecution because good cause exists for not dismissing the case.  Plaintiff is a German-speaking citizen residing in Germany.  He retained the law firm of Blaske & Blaske, P.L.C. to represent and prosecute his case legal malpractice claim against Defendants who failed to file a medical malpractice claim on Plaintiff's behalf.  Plaintiff also retained Urban Thier & Federer, P.A. (UTFPA) (sworn into this Court on August 25, 2021) and Arthur J. Weiss (local counsel on August 25, 2021).

Plaintiff asserts that Blaske & Blaske never informed him of the Court's order granting the Defendants' Second Motion to Compel Discovery, including Plaintiff's obligation to pay Defendants' counsel $250.00, the Defendants' filing of the Motion to Dismiss for lack of prosecution, the scheduled telephonic status conference on June 11, 2021 with the Court, nor the issuance of the Order to Show Cause.  Plaintiff made repeated efforts, through UTFPA, since June 23, 2021, to obtain a status update from

Blaske & Blaske via telephone and email, but did not receive any meaningful response from Blaske & Blaske to date. When Plaintiff realized Blaske & Blaske had abandoned his case, he filed a Request for Investigation with the State of Michigan Attorney Grievance Commission. Plaintiff thereafter directed UTFPA to review the case and take all actions necessary to comply with the Court's Orders and to retain new local counsel, Attorney Weiss. UTFPA contacted defense counsel on August 24, 2021, offering to pay the $250.00 sanctions per the Magistrate Judge's Order, but defense counsel declined. The $250.00 was deposited with the Court's Clerk of Court on August 26, 2021 pending the resolution of the Order to Show Cause.

Plaintiff, through new counsel, asserts that he will comply with and honor any outstanding discovery obligations and follow this Court's orders. Plaintiff asserts that there is no evidence that Plaintiff himself engaged in willfulness, bad faith, or fault with regard to the written discovery or the prosecution of his case. Plaintiff claims that there is no evidence of prejudice to the Defendants to support the extreme nature of dismissing his case and depriving Plaintiff of his day in court because of the conduct of his previous counsel, Blaske & Blaske.

Defendants respond that UTFPA has been involved in this case since before December 2019 evidenced by a letter from UTFPA pre-suit claiming that UTFPA has been retained by Plaintiff to prosecute an action for legal malpractice. (ECF No. 33-2,

4

PageID.684)  Defendants claim that Blaske & Blaske was hired as local counsel and that at the Rule 16 Conference on November 10, 2020, Blaske & Blaske inquired whether UTFPA could appear pro hac vice in this case.  Defendants argue that UTFPA is equally culpable, if not more so than Blaske & Blaske, in failing to respond to motions and follow the orders of the Court.

Defendants further argue that Plaintiff himself has failed to provide his medical records, which are key pieces of evidence in this legal malpractice action, where Plaintiff alleges Defendants failed to properly pursue his medical malpractice claim. Defendants claim that the combined failure of Plaintiff and his lawyers, including UTFPA, to meet their legal obligations has severely prejudiced Defendants, causing them, among other things, to incur significant legal expenses and costs defending a frivolous claim.  Dismissal with prejudice should be granted under Fed. R. Civ. P. 41(b).

Plaintiff replies that Blaske & Blaske alone were the attorneys of record and represented Plaintiff in this case until an Order of Substitution was entered.  Plaintiff claims Defendants besmirched Plaintiff's newly appearing counsel, including UTFPA, as if they were counsel of record from the inception of the case.  Blaske & Blaske should be held accountable for their failure to prosecute this case, not Plaintiff nor new counsel.  Even if Blaske & Blaske allegedly inquired if UTFPA could appear as

pro hac vice counsel, no UTFPA attorney planned to appear because the Court does not permit pro hac vice admissions.  Blaske & Blaske at all times prior to appearance of new counsel, was in fact Plaintiff's litigation counsel in this case.  Plaintiff had the right to and did rely upon Blaske & Blaske to prosecute this action.  As to prejudice, Plaintiff asserts that Defendants, in addition to nearly 1,000 pages of medical records produced to date, are also in possession, to the exclusion of Plaintiff, of underlying medical records and at least two expert witnesses' opinions.  Plaintiff asserts it is unfair for Defendants to blame Plaintiff and new counsel for Blaske & Blaske's shortcomings.

Rule 37(a) of the Rules of Civil Procedures allows a party to make a motion to compel the opposing party to respond to discovery requests.  Fed. R. Civ. P. 37(a).  If the *motion to compel is granted*, the court may impose sanctions, including reasonable costs and attorney fees.  Fed. R. Civ. P. 37(a)(5).

If a party *fails to comply with a Court's discovery order*, then the moving party may file a motion under Rule 37(b)(2) for more severe sanctions such as striking out pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders.  Fed. R. Civ. P. 37(b)(2)(A).  Dismissal is the sanction of last resort but a district court does not abuse its discretion in dismissing a case even though other sanctions might be

workable, if dismissal is supported on the facts.  *Beil v. Lakewood Eng'r and Mfg. Co.,* 15 F.3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States,* 766 F.2d 910, 912 (6th Cir. 1985).  Entry of a default judgment under Rule 37(b)(2)(A) is the most severe sanction available to the district court which is reviewed by the appellate court under an abuse of discretion standard weighing four factors:   1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate would result in a default judgment; and 4) whether less drastic sanctions were imposed or considered.  *Grange Mut. Cas. Co. v. Mack,* 270 F.3d 372, 376 (6th Cir. 2008); *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990).

Rule 41(b)(2) provides for dismissal on the merits on motion by a defendant for failure to prosecute.  Fed. R. Civ. P. 41(b)(2).  The Sixth Circuit considers four factors (which is the same us in Rule 37(b)(2)(A)) in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T. W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American*

*Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999))

In this case, two issues raised by Defendants in their Motion to Dismiss under Rules 37(b) and 41(b) were the $250.00 sanctions and the HIPAA Disclosure Order. Both of these issues appear to be resolved in that new counsel, on behalf of Plaintiff, attempted to pay the sanctions, which was declined by the defense. The HIPAA Disclosure Order was entered by the Magistrate Judge.

As to the first factor, Defendants have not shown that the failure to provide the $250.00 sanctions imposed by the Magistrate Judge was due to Plaintiff's own wilfulness and bad faith. Plaintiff's new counsel attempted to pay the $250.00 sanctions to the defense, but who declined to accept the payment. Regarding the HIPAA Disclosure Order and/or Qualified Protective Order, such was entered by the Magistrate Judge on June 11, 2021. Defendants raised new argument in its response to the Order to Show Cause (which was not directed to the defense), that Plaintiff himself has not provided the complete medical record. Plaintiff asserts that he has provided over 1,000 pages of medical records to the defense.

Defendants argue that they have suffered prejudice because of the expenses incurred in defending this action. The Court finds that this is insufficient to show prejudice because defending an action incurs costs, both by the Plaintiff and the defense. Defendants have not shown sufficient prejudice to support the drastic

8

sanction of dismissal.

Plaintiff was warned, through the Magistrate Judge's Order, that further discovery-related issues may subject dismissal of this action. However, as stated by new counsel, Plaintiff was not informed by previous counsel, Blaske & Blaske, of the sanctions, nor was Plaintiff updated with the status of the case. Plaintiff's new counsel has since attempted to resolve the $250.00 sanctions, but the defense declined to accept the payment. Again, as to the HIPAA Disclosure Order, the Magistrate Judge entered such in June 2021.

The fourth factor requires a less drastic sanction before dismissal. The Court has not done so, but in light of the attempted payment of the $250.00 sanctions and the HIPAA Disclosure Order having been entered, both of these issues appear to be resolved.

The Court finds that the Order to Show Cause issued is set aside because Plaintiff has shown good cause for not dismissing the case for failure to prosecute. Defendants' Motion to Dismiss the case pursuant to Rules 37(b)(2)(A) and 41(b) is therefore denied.

## III.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss **(ECF No. 7)** is DENIED as

9

MOOT.  The second Motion to Dismiss the First Amended Complain (ECF NO. 10) remains pending.

IT IS FURTHER ORDERED that the Motion to Dismiss (**ECF NO. 25)** is DENIED.

IT IS FURTHER ORDERED that the Order for Johannes Gerger to Show Cause Why the Case Should Not be Dismissed for Lack of Prosecution **(ECF NO. 30)** is SET ASIDE.


s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 31, 2022

10