UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHANNES GERBER,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL BLAU, *et al.*,<br><br>Defendants. | Case No. 20-12118<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND DENYING MOTION FOR WITHDRAWAL OF ATTORNEY (ECF NOS. 85, 86)**

This is a legal malpractice action. Defendants Randall Blau and Buckfire and Buckfire, P.C., move to compel Attorney John L. Urban (Urban) and the Urban Thier & Federer, P.A. law firm (Urban Thier) to comply with a subpoena seeking documents under Federal Rule of Civil Procedure 45. ECF No. 85. Urban and Urban Thier are among Plaintiff Johannes Gerber's attorneys. One day after defendants moved to compel compliance with their subpoena, Urban moved to withdraw. ECF No. 86. The Honorable Denise Page Hood referred this case for full pretrial matters under 28 U.S.C. § 636(b). ECF No. 21. The Court held a hearing on the motions on October 29, 2026. ECF No. 91.

For the reasons stated on the record, the Court **GRANTS** the motion to compel compliance with defendants' subpoena. ECF No. 85. The Court finds that Urban and Urban Thier failed to show that they complied with Federal Rule of Civil Procedure 26(b) when responding to the subpoena requests, asserted improper or questionable claims of privilege, and failed to provide a Rule 26(b)(5) privilege log. Thus, Urban Thier must supplement its answer to defendants' subpoena after engaging in a reasonable inquiry that aligns with Rule 26(g), and they must provide a privilege log. Defendants need not produce nor log any communications between Gerber and Urban Thier personnel, except those communications in which a third-party was included. After Urban and Urban Their supplement their answer to the subpoena, defendants may re-depose Gerber about the documents served on defendants after Gerber's initial deposition.

The Court **DENIES** Urban's motion to withdrawal for the reasons stated on the record. ECF No. 86.

This order does not bar defendants from pursuing other relief related to their complaints about responses to discovery requests or the subpoena at issue here.

**IT IS SO ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 2, 2026

**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager